LOUISA LEYMAN ET AL. v. IDA LEYMAN ET AL.

**1.** COMMISSIONERS FEES IN PARTITION PROCEEDINGS.

An allowance to the commissioners, in a proceeding to partition real es·
tate, of twenty-five dollars each, where the record does not indicate that
they served more than one day, is improper, and the excess over the
statutory allowance of one dollar per day was erroneously taxed as
costs.

**2.** COMMISSIONERS FEES IN PARTITION PROCEEDINGS.

An allowance, in proceedings to partition real estate, to the sheriff for the
expense of an auctioneer, and for special advertising, can only be made
upon showing that such expenses were necessary, and parties interested
had notice of the motion for the allowance thereof.

**3.** MOTION FOR ALLOWANCE TO DEFENDANTS' COUNSEL.

Where motion is made by defendants in partition for allowance to their
counsel of part of the attorney fee taxed as costs, for the reason that
he has rendered valuable services for the common benefit of all parties,
it is the duty to hear evidence in support of such motion.

ERROR to the Court of Common Pleas of Hamilton county.

GIFFEN, J.

The original action was commenced for the partition of certain real
estate, and comes into this court for alleged errors in overruling a motion
to retax costs and in refusing to hear testimony in support of the motion.

First—The court allowed the commissioners twenty-five dollars
each. The statute provides for an allowance of one dollar per day. There
being nothing in the record showing that they served more than one day,
the excess was erroneously taxed as costs.

Second—An auctioneer was allowed $476.00 as compensation for
his services, and the sum of $83.00 was expended and allowed for special
advertising. The authority for these expenses is appended to the entry
ordering a sale of the premises and is as follows: "And that the sheriff
is authorized to employ a competent auctioneer and to expend a sum
not exceeding $100 for advertising in addition to the legal advertising."

It does not appear that this order was made for good cause shown,
or that any of the parties other than the plaintiff had any notice of the
motion therefor.

In Ingham v. Lindemann, 37 Ohio St., 218, the fourth proposition
of the syllabus is as follows:

"No allowance should be made to such assignee for the expense of
employing an auctioneer, unless the court directing the sale is of the
opinion, under the circumstances, that the services of an auctioneer were
necessary."

At page 221 it is said:

"The presumption is that every one charged, by law, with the per-
formance of a duty, is capable of performing the same."

This presumption is even stronger in the case of a sheriff, who is not only, by law, charged with the duty, but from experience is fully competent to conduct a sale.

The plaintiffs in error offered to prove that they had no notice of the above order, and did not consent thereto or the expenditure thereunder, and the court refused. This was clearly erroneous.

Whether the parties, having subsequent notice and having received the benefits are now estopped from resisting payment, we do not decide as the record does not sufficiently disclose the facts.

Third—Plaintiffs in error moved the court to allow to their counsel a part of the attorney fee taxed as costs, for the reason that he had rendered valuable services in the cause for the common benefit of all parties. It appears that he filed a demurrer to the petition on the ground of defect of parties defendant, and that afterwards new parties were made. The court declined to hear evidence in support of the motion, and we think erroneously.

Fourth—The guardian *ad litem* was regularly and legally appointed, and we do not think the allowance for his services should be disturbed, unless some good reason is shown on a rehearing of the motion.

Judgment reversed and cause remanded.

Kelley & Hauck and Tugman & Baker, for plaintiffs in error.
August H. Bode, *contra*.